IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL VASQUEZ, | § | |
| #38375-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1515-B-BK |
| | § | (CRIMINAL CASE NO. 3:14-CR-266-B-9) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Israel Vasquez's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I.   BACKGROUND

On October 5, 2017, Vasquez knowingly and voluntarily waived his right to counsel and elected to proceed *pro se*. Crim. Doc. 2098. The Court granted his motion to proceed *pro se* and appointed Phillip C. Umphres as standby counsel.[2] *Id.* The Court also granted Vasquez a

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] Umphres previously was appointed to represent Vasquez for the sentencing in a different case, Case Number 3:08-CR-268-B-04, after Vasquez absconded for more than five years during pretrial supervision. ECF No. 471.

continuance to prepare for trial. Crim. Doc. 2118. However, in 2018, Vasquez pled guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance and Conspiracy to Launder Monetary Instruments, and was sentenced to life imprisonment, to be served concurrently with the life sentence previously imposed in Case Number 3:08-CR-268-B-04. Crim. Doc. 2363. Vasquez filed a direct appeal that was dismissed as frivolous on June 30, 2020. Crim. Doc. 2424.

On June 29, 2021, Vasquez timely filed the instant § 2255 motion. Doc. 2. In his amended motion, he asserts that (1) Umphres and District Judge Jane Boyle labored under a conflict of interest and (2) Judge Boyle should have recused from his case. Doc. 4 at 4-5, 7.

Upon review, the Court concludes that Vasquez is not entitled to relief. Thus, his § 2255 motion should be summarily dismissed.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. No Claim for Ineffective Assistance of Standby Counsel

Vasquez asserts that his "appointed counsel" rendered ineffective assistance because he labored under a conflict of interest stemming from his representation of Vasquez in an earlier case and from "Judge Boyle personally call[ing him] to represent [Vasquez]." Doc. 4 at 4-5. He avers Umphres "should not have been appointed to represent [him] in this case." Doc. 4. In addition, Vasquez argues only:

> Mr. Phillip C. Umphres was appointed to represent me in this case from 2014 and in my other case from 2008 at the same time. This created a conflict of interest as I believed he did a poor job in my '08 case and I should've been appointed a different attorney for this case.
>
> * * *
>
> Attorney Phillip C. Umphres told me he was best friends with Mr. Boyle, the Judge's husband, for over 20 years. He said he was doing a favor for the judge. He also said he was not going to do too much work as he didn't want to upset the court because there was not much to do as I was guilty.

Doc. 4 at 4-5.

Vasquez's claims lack substantive merit. When Vasquez elected to proceed *pro se*, the Court appointed Umphres as standby counsel *not* appointed counsel. A *pro se* defendant has no constitutional right to standby counsel. *United States v. Oliver*, 630 F.3d 397, 413-14 (5th Cir. 2011) (citations omitted); *see also McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) ("While [appointment of standby counsel] is the preferred practice it is not mandatory."). Furthermore, because there is no constitutional right to standby counsel, there is no claim for ineffective assistance of standby counsel. *Oliver*, 630 F.3d at 414 ("'[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel.'" (quoted case omitted)). Accordingly, to the extent Vasquez complains he was denied his right to a conflict-free representation, his claim is without legal merit.

### B. Recusal Claim also Fails

Next, Vasquez asserts that "Judge Boyle should have recused herself from this case" due to a "conflict of interest." Doc. 4 at 7. He alleges *in toto*:

> Judge Boyle had a very negative opinion of my character from her statements that she made at my sentencing hearing in my previous case. I filed a motion for recusal stating the grounds, but she denied the motion.

Doc. 4 at 7.

28 U.S.C. § 455 governs whether Judge Boyle should have recused herself in this case. The operative issue is "whether there was an appearance of impropriety which rose to the level of a 'fundamental defect' resulting in 'a complete miscarriage of justice.' Absent that level of severity, the claim of an appearance of impropriety is not cognizable under 28 U.S.C. § 2255." *United States v. Couch,* 896 F.2d 78, 81 (5th Cir. 1990). "Section 455(a) states that any judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.' Section 455(b)(1) provides that the judge 'shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party.'" *In re Chevron U.S.A., Inc.,* 121 F.3d 163, 165 n.3 (5th Cir. 1997). Recusal can be based on extrajudicial factors, such as family relationships, or intrajudicial factors, such as events occurring in the course of proceedings. *See Liteky v. United States,* 510 U.S. 540, 551 (1994). But intrajudicial factors "do not constitute a basis for a bias . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

Here, Vasquez seeks recusal based solely on Judge Boyle's "very negative opinion of [his] character" stemming from statements she made at his sentencing in the 2008 case. Doc. 4 at 7. Apart from his conclusory and, thus, insufficient assertion, Vasquez wholly fails to meet the requisite standard. *See United States v. Devine*, 934 F.2d 1325, 1348 (5th Cir. 1991) ("The nature of the bias . . . must be personal and not judicial."). Also, any knowledge the judge may have had about him was received in her judicial capacity. *See United States v. Reagan*, 725 F.3d 471, 491 (5th Cir. 2013) ("As a general rule, for purposes of recusal, a judge's personal knowledge of evidentiary facts means extrajudicial, so facts learned by a judge in his or her

judicial capacity regarding the parties before the court . . . cannot be the basis for disqualification." (cleaned up)).

## III. CONCLUSION

Vasquez fails to offer a factual or legal basis for his claim that Judge Boyle should have recused herself from his case. Accordingly, Vasquez's § 2255 motion should be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on August 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).